IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ERIC ADAMS                                                                                              PLAINTIFF

vs.                                            Civil No. 1:16-cv-01013

CAROLYN COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Eric Adams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on June 3, 2010 and for SSI was filed on February 6, 2013.  (Tr. 139, 215, 222).  Plaintiff alleged he was disabled due to bulging disk in neck, high blood pressure, sleep apnea, screws in left shoulder, and knee problems.  (Tr. 239).  Plaintiff alleged an onset date of September 26, 2008.  (Tr. 139).  These applications were denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

upon reconsideration. (Tr. 89-112). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 176-177).

Plaintiff's administrative hearing was held on April 11, 2014. (Tr. 50-88). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *Id.* Plaintiff, his friend Michael Anthony Palmer, and Vocational Expert ("VE") Myrtle Johnson, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old and had a high school education. (Tr. 54).

On December 5, 2014, the ALJ entered a partially favorable decision finding Plaintiff disabled from January 18, 2012, through March 27, 2014, but not disabled beginning March 28, 2014. (Tr. 139-154). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 143, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 18, 2012. (Tr. 143, Finding 2).

Beginning March 28, 2014, the ALJ found Plaintiff's degenerative disc disease of the cervical spine, osteoarthritis of the left shoulder, status rotator cuff surgery, and hypertension, all of which constituted severe impairments within the meaning of the Act, did not met or medically equal a listing for presumptive disability. (Tr. 150, Findings 12, 13). The ALJ also found beginning March 28, 2014, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except can occasionally stoop, crouch, bend, kneel, crawl, and balance; can perform occasional overhead reaching; is able to ambulate on level surfaces unlike those found in an agricultural setting or at a building site; and can understand, remember, and carry out detailed instructions and respond to changes within the workplace. (Tr. 150-151, Finding 16).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 152, Finding 6). The ALJ found Plaintiff was unable to perform his PRW since March 28, 2014. *Id.* The ALJ, however, also determined beginning March 28, 2014, there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 152, Finding 21). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a surveillance monitor with 650 such jobs in the region and 74,000 such jobs in the nation and as a call out operator with 230 such jobs in the region and 51,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as of March 28, 2014. (Tr. 153, Finding 22).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 19, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 25, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by finding Plaintiff's disability ended March 28, 2014. ECF No. 11, Pgs. 7-10. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ found beginning March 28, 2014, Plaintiff had the RFC to perform sedentary work, except can occasionally stoop, crouch, bend, kneel, crawl, and balance; can perform occasional overhead reaching; is able to ambulate on level surfaces unlike those found in an agricultural setting or at a building site; and can understand, remember, and carry out detailed instructions and respond to changes within the workplace. (Tr. 150-151, Finding 16). Plaintiff argues the ALJ erred in this RFC determination and in finding the Plaintiff's disability ended March 28, 2014. ECF No. 11, Pgs. 7-10. However, substantial evidence supports the ALJ's RFC determination and his finding that Plaintiff was no longer disabled as of March 28, 2014.

In August of 2013, Plaintiff underwent a cervical diskectomy and fusion. (Tr. 715). However, the objective medical evidence supports the ALJ's finding that a medical improvement occurred as of March 28, 2014.

To begin with, on February 5, 2014, Plaintiff reported a decrease in his neuropathy symptoms post-surgery. (Tr. 713). This is consistent with Plaintiff's nerve conduction test, taken on March 18, 2014, which demonstrated his neck impairment no longer caused neuropathy or radiculopathy in his right arm or hand. (Tr. 736). Additionally, on March 28, 2014, Dr. Sharukat Hayat, stated Plaintiff's neck had improved post-surgery and now, he had a full range of motion. (Tr. 735). Dr. Hayat also reviewed the imagining studies and found them satisfactory. *Id.*

The ALJ properly found that given Plaintiff's improved range of motion and nerve conduction test results, Plaintiff's cervical spine impairment improved as of March 28, 2014. (Tr. 150). The ALJ considered the combined effects of Plaintiff's hypertension, degenerative disc disease, and shoulder impairment when finding Plaintiff could perform a reduced range of sedentary

work. (Tr. 151). Furthermore, Plaintiff has not presented any evidence that would establish any additional limitations not already accounted for by the ALJ. Nor, has Plaintiff has presented any medical evidence to show Plaintiff cannot perform the RFC assessed by the ALJ.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, I find the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2ndday of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE